IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK McKINNEY,** : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-05-0205** |
| v. : | **(Judge Rambo)** |
| **SUPERINTENDENT KELCHNER,** *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM and ORDER

**I.      Background**

Plaintiff, Derrick McKinney, an inmate at the State Correctional Institution at Graterford, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983. Pending before the court is the Plaintiff's motion for appointment of counsel (Doc. 12). For the reasons that follow, the motion will be denied.

**II.     Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this

threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in legibly written understandable paragraphs.  The legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.  Although credibility determinations may arise, it is not likely that expert testimony will be required or that investigation is beyond the ability of this Plaintiff.  Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for appointment of counsel, is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

             s/Sylvia H. Rambo
             SYLVIA H. RAMBO
             United States District Judge

Dated:  October 18, 2005.