UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK McKINNEY,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-05-0205 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| | : | |
| **Superintendent KELCHNER,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **M E M O R A N D U M**

## I.      **Background**

Derrick McKinney, an inmate presently confined at the State Correctional Institution at Graterford, Pennsylvania, initiated this action *pro se* with a civil rights complaint (Doc. 1) filed pursuant to 42 U.S.C. §1983.  Defendants are the following officials at the State Correctional Institution-Camp Hill, Pennsylvania (SCI-Camp Hill): Superintendent Donald L. Kelchner, Unit Manager Blaine Steigerwalt, and Corrections Officers Nixdorf, Snook, and Warner.

Plaintiff claims that while previously incarcerated at SCI-Camp Hill, he was attacked by Nixdorf, Snook and Warner on February 21, 2003, and he was denied medical treatment for the resulting injuries.  (*Id*. at 3.)  Plaintiff also claims that he was denied yard, laundry, law library and shower privileges, and he was denied food, bathroom tissue, soap, and toothpaste.  (*Id.* at 4.)  Further, Plaintiff alleges tampering

with his mail by unidentified persons, and he claims that all of these actions are taken in retaliation for prior litigation against another corrections officer at SCI-Camp Hill. (*Id.* at 2-3.)  Plaintiff argues that the alleged actions violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.  He seeks: (1) a declaratory judgment that Defendants' acts violated his constitutional rights; (2) compensatory and punitive damages; and (3) such other relief deemed just, proper and equitable.  (*Id.* at 6.)  Presently pending is Defendants' motion to dismiss Plaintiff's complaint.  (Doc. 16.)  For the reasons set forth below, Defendants' motion will be construed as a motion for summary judgment, and Plaintiff will be granted leave to file a counter-statement of facts and a brief in opposition.

**II.      Discussion**

      **A.     Motion to Dismiss Standard**

Defendants move to dismiss the Complaint "pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim upon which relief may be granted . . . ."  (Doc. 16-1 at 1.)  Defendants assert that Kelchner and Steigerwalt should be dismissed for lack of direct participation in the alleged wrongs, and they claim that Plaintiff failed to exhaust his administrative remedies on the issues in the complaint.  In rendering a decision on a motion to dismiss, the Court must accept the

2

Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.    Supervisory Defendants

As it relates to the Kelchner and Steigerwalt ("Supervisory Defendants"), the complaint alleges that they were "aware of Plaintiff's situation . . . [and] both had turn[ed] a deaf ear to the illegal conduct of their officers." (Doc. 1 at 4-5.) To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or

3

laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The constitutional issue implicated in this case is the Eighth Amendment proscription of cruel and unusual punishment. It is well-established that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). However, the personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995).

Since Plaintiff alleges that the Supervisory Defendants were aware of the wrongdoing of their subordinates, and they turned a deaf ear to it, the Court is convinced that Plaintiff has adequately pled knowing acquiescence of these Defendants to survive a motion to dismiss. Accordingly, the court will deny Defendants' motion to dismiss with respect to this issue.

### C. Exhaustion of Administrative Remedies

Defendants also claim that Plaintiff has failed to exhaust his administrative remedies for the claims set forth in the complaint. With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison
> conditions under Section 1979 of the Revised Statutes
> of the United States (42 U.S.C. 1983), or any other
> federal law, by a prisoner confined in any jail, prison,
> or other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000).

However, Defendants' motion goes beyond a simple motion to dismiss under Rule 12(b)(6), because it is accompanied by evidentiary materials outside the pleadings (Doc. 23). Moreover, although Defendants' motion is based upon a contention that Plaintiff failed to exhaust administrative remedies available to him, Plaintiff's complaint alleges that he has exhausted administrative remedies. (*See* Doc. 1 at 1, ¶ II C.)

Federal Rule of Civil Procedure 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to
> dismiss for failure of the pleading to state a claim
> upon which relief can be granted, matters outside the
> pleading are presented to and not excluded by the
> court, the motion shall be treated as one for summary
> judgment and disposed of as provided in Rule 56, and
> all parties shall be given reasonable opportunity to

5

>   present all material made pertinent to such a motion
>   by Rule 56.

Fed. R. Civ. P. 12(b).  The court will not exclude the evidentiary materials accompanying Defendants' motion to dismiss.  Thus, Defendants' motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies will be treated as a motion for summary judgment, and Plaintiff will be granted leave to file a supplemental response to the motion with respect to this issue.

### III.    Conclusion

In accordance with the foregoing discussion of law, the court will deny Defendants' motion to dismiss based upon the involvement of the Supervisory Defendants.  With respect to Defendants' motion to dismiss based upon a failure of Plaintiff to exhaust his administrative remedies, the court will convert it to a motion for summary judgment and give Plaintiff leave to file a supplemental response.  An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  March 27, 2006.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK McKINNEY,** : | |
| : | |
| Plaintiff : | CIVIL NO. 1:CV-05-0205 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| **Superintendent KELCHNER,** *et al.*, : | |
| : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to dismiss Plaintiff's complaint (Doc. 16) is denied in part and is construed as a motion for summary judgment in part.

2) The portion of Defendants' motion to dismiss alleging a lack of involvement by Supervisory Defendants Kelchner and Steigerwalt is **DENIED.**

3) The remainder of Defendants' motion is converted to a motion for summary judgment.  Within fifteen (15) days of the date of this order, Plaintiff shall file a brief in opposition to Defendants' motion together with a counter-statement of facts related to the issue of exhaustion of administrative remedies.  If Plaintiff fails to timely file a brief in opposition or a counter-statement of facts, the court will dismiss

this case under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with a court order.  Defendants shall have ten (10) days from the filing of Plaintiff's responsive brief to file a reply brief.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated:  March 27, 2006.