IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK MCKINNEY,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 1:CV-05-0205 |
| | : |
| v. | : JUDGE SYLVIA H. RAMBO |
| | : |
| **SUPERINTENDENT KELCHNER,** | : |
| *et al.*, | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

Plaintiff Derrick McKinney ("Plaintiff"), a Pennsylvania state inmate, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Named as defendants are the following officials at the State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania ("SCI-Camp Hill"): Superintendent Kelchner, Unit Manager Steigerwalt, and Corrections Officers Nixdorf, Snook, and Warner.

Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 16.) This motion was originally filed as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Upon initial review, because the portion of the motion seeking dismissal of certain claims for failure to exhaust administrative remedies contained evidentiary materials outside the pleadings, that

portion of the motion[1] was converted to one for summary judgment, see Fed. R. Civ. P. 12(b), and Plaintiff was afforded the opportunity to oppose the motion and file any pertinent documentation. (Doc. 33.) Plaintiff took advantage of this opportunity by filing a counter statement of facts (Doc. 34) and an opposition brief (Doc. 36). Defendants filed a reply brief. (Doc. 35.) Also pending is plaintiff's motion for a preliminary injunction. (Doc. 39.) The motions are presently ripe for disposition and, for the reasons set forth below, the summary judgment motion will be granted in part and the motion for a preliminary injunction will be denied.

I.      **Motion for Summary Judgment**

    A.      Statement of Facts

At all times relevant, plaintiff was housed in the Special Management Unit ("SMU") at SCI-Camp Hill. He alleges that on February 21, 2003, while being escorted from the SMU mini law library, he was physically assaulted by defendants Nixdorf, Snook and Warner. (Doc. 1 at 2-3.)

Immediately following the incident, plaintiff utilized the Pennsylvania Department of Corrections' ("DOC") grievance system, which provides inmates access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought, by filing

---

[1] Defendants' motion to dismiss the supervisory defendants was denied. (Doc. 33 at 7.)

Grievance No. 45855. (Doc. 23-2 at 1.) The Administrative Directive (DC-ADM) in effect at the time of the incident in question[2] provided for the following three stages of review: (1) Initial Review, which addresses the inmate's filed grievance at the institutional level, DC-ADM-804 Part VI.B; (2) appeal from the initial review known as the Appeal to Facility Manager, DC-ADM-804 Part VI C; and (3) the final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), DC-ADM-804 Part VI.D.

In his initial grievance, plaintiff stated that "this grievance is on Unit Manager Steigerwalt and C/O Nixdorf," and involves a physical altercation between himself and Nixdorf, Snook and C/O John Doe. (Official Inmate Grievance, Doc. 34-2 at 32). He indicates that the assault was in retaliation for the filing of previous lawsuits. In addition, he included a multitude of complaints about SMU policies. The Grievance Officer responded as follows:

> Officer Nixdorf denies that any type of physical interaction occurred between yourself and Officer Nixdorf during your escort from the S.M.U. Law Library on 02/21/03.

---

[2] In support of their motion to dismiss, Defendants submitted a later version of the DC-ADM 804 with an effective date of January 3, 2005—nearly two years after the event in question. (See Doc. 23-2.) According to Defendants, a previous version of the policy with an effective date of May 1, 2002 was in effect at the time of the incident in question. (See Reisinger Declaration, Doc. 23-1 at 2.) The 2005 version differs substantially from the 2002 version. Because the 2005 policy was not in effect at the time Plaintiff filed his grievance, the court will refer to the 2002 version of the DC-ADM 804.

3

> The aforementioned issue is the only part of grievance #45855 that warrants a response. The remaining text of grievance #45855 fails to comply with DOC Adm. Dir. 804, Sec. VI A, 1d.

(Initial Review Response, Doc. 34-2 at 35.) Plaintiff pursued an appeal. It was concluded that the response of the grievance officer was appropriate and the appeal was denied. (Id. at 36.) He then sought final review. The Chief Grievance Coordinator concluded the following:

> Upon completion of the review, it is the decision of this office to uphold the responses provided by staff at the Institutional level. I found that there is no evidence to support your allegations against Officer Nixdorf. The remaining issues you raise in this grievance pertaining to the overall management of the SMU and the various alleged violations of the 6.5.1 will not be addressed in this review, as these issues are separate. Further, you speak in general terms, failing to provide specifics. Based upon this information, your request for compensation is denied.

(Response of the SOIGA, Doc. 34-2 at 1.)

According to the Assistant Chief Grievance Coordinator in the SOIGA, who is the records custodian for all grievance appeals submitted and has the responsibility, *inter alia*, of reviewing all grievances to see if the inmate appealed to final review, plaintiff did not pursue any other grievances to final review. (Declaration of Kristen Reisinger, Doc. 23 at 4-5, ¶¶ 7-9.)

B.     Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  Id. Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the non-moving party.  El v. S.E. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250 (internal citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings.  Fed. R. Civ. P. 56(e).  Rather, the

adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial.  Id. When addressing a summary judgment motion, the court's inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52 (emphasis added).

    C.    Discussion

Plaintiff alleges that he was subjected to excessive use of force in retaliation for filing a prior lawsuit, that he was denied medical treatment and that he was retaliated against in the form of denial of, and interference, with certain privileges.  The Prison Litigation Reform Act ("PLRA") requires prisoners to present each of their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534

6

U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

The standard by which to measure whether a prisoner has exhausted his administrative remedies is whether he has complied with the grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. Spruill, 372 F.3d at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

It is clear from the record that Plaintiff has failed to exhaust administrative remedies with respect to the claims of denial of medical treatment and the general retaliation claims. Consequently, Defendants will be granted summary judgment on these claims.

This leaves the claim that Plaintiff was subjected to excessive force in retaliation for filing a prior lawsuit. Defendants argue that although Plaintiff

exhausted his administrative remedies with respect to this claim as it relates to defendants Steigerwalt and Nixdorf, he failed to exhaust the claim against all other defendants. In support of the argument, Defendants state "[i]n the only grievance McKinney filed with respect to the subject matter of this complaint, he specifically stated 'This grievance is on Unit Manager Steigerwalt and C/O Nixdorf.' *Document 34, Plaintiff's Exhibits, page 32*. McKinney goes on to only accuse Defendant Nixdorf with the alleged assault on February 21, 2003. Id." (Doc. 35 at 4.)

As noted above, the standard by which to measure whether a prisoner has exhausted his administrative remedies is whether he complied with the applicable grievance procedures and rules. The relevant policy and the pertinent language states that "[t]he inmate shall include a statement of facts relevant to the claim. . . . The inmate should identify any persons who may have information that could be helpful in resolving the grievance." DC-ADM 804 § VI(A)(1)(g) (effective date May 1, 2002). The Spruill Court found that this provision required an inmate to name the individuals in the grievance against whom the inmate eventually brings suit.[3] As

---

[3] After the Spruill decision, the United States Supreme Count handed down Jones v. Bock, — U.S. —, 127 S. Ct. 910, 923 (2007), in which it held that a Michigan state inmate's failure to name the defendants during the course of the grievance procedure did not constitute a failure to exhaust, because there was no such requirement to do so contained in the Michigan state grievance policy. Nor was there any such requirement contained in the PLRA. Unlike the Michigan policy, the Pennsylvania regulation considered in the Spruill case contains a requirement to identify individuals. Thus Jones does not change the application of Spruill in this case.

explained in Spruill, "[t]he purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234.

Here, although Plaintiff directed the grievance at Steigerwalt and Nixdorf, he also identified Defendant Snook and "C/O John Doe," presumably Defendant Warner, in the body of the grievance. After describing the alleged assault by Nixdorf in his grievance, Plaintiff went on to state that during the alleged assault another inmate "told the Officers C/O Nixdorf, C/O Snook, and C/O John Doe to get off of me and do not assault me because he can see whats going on!" (Doc. 23-3.)

Defendants argue that this reference to Snook and Warner was not sufficient to put them on notice of the claims against them because Plaintiff did not state that the grievance was "on" them, as he did for Steigerwalt and Nixdorf. (Doc. 35.) This argument is not persuasive. The DC-ADM 804 requires only that "[t]he inmate should identify any persons who may have information that could be helpful in resolving the grievance." DC-ADM 804 § VI(A)(1)(g). Though the grievance certainly could have been more clearly drafted, Plaintiff's description of the statement of another inmate that Snook and Warner were involved in the alleged assault was sufficient to comply with the requirements of DC-ADM 804 and to provide notice to Snook and Warner.

9

Defendants also argue that they were not put on notice of the claims against Defendants Snook and Warner because "the entire grievance process viewed this grievance as only involving the alleged assault by Nixdorf." (Doc. 35 at 4.) While it is true that the Defendants only chose to respond to the allegations against Nixdorf, this appears to be a result of Defendant's repeated assertions—without justification[4]—that Plaintiff's grievance failed to comply with the requirements of DC-ADM 804. As discussed above, Plaintiff's grievance was sufficient to put Snook and Warner on notice of the claims against them. Plaintiff cannot now be faulted

---

[4] Throughout the three-step grievance process, and during the course of this litigation, Defendants have repeatedly claimed that Plaintiff's grievance failed to comply with the requirements of the DC-ADM 804. (See, e.g., Doc. 35 at 5.) However, Plaintiff's grievance appears to have been in perfect compliance with the grievance procedure in effect at the time of the incident in question.

For instance, in the Initial Review Response, the grievance officer addressed the allegations against Nixdorf, but went on to state that "[t]he aforementioned issue is the only part of grievance #45855 that warrants a response. The remaining text of grievance #45855 fails to comply with DOC Adm. Dir. 804, Sec VI A, 1d." (Doc. 23-4 at 1.) That provision states that "[w]here an inmate has a concern that he/she is unable to resolve, the inmate is encouraged to resolve the concern informally by use of a DC-135A, Inmate Request to Staff or direct conversation with the Unit Manager or Officer-in-Charge. . . ." DC-ADM 804 § VI(1)(d). This provision is modified by subsection (e), which states that "[w]hile every effort should be made to resolve concerns informally prior to filing an official grievance, failure to attempt to informally resolve concerns will not be cause to reject an official grievance. . ." DC-ADM 804 § VI(1)(e). Given that the Plaintiff specifically claimed that Unit Manager Steigerwalt was "brought aware of my overall situation", (see (Doc. 23-3 at 2), and that such informal resolution is not required by the grievance procedure, it is clear from the face of the grievance that Plaintiff fully complied with DC-ADM 804 § VI(1)(d).

Again at the second stage of the grievance process, Superintendant Kelchner noted that the grievance "could have been rejected for being over two pages in length. . ." (Doc. 23-4 at 2.) While DC-ADM 804 § VI(A)(g) states that "the statement of facts shall not exceed two pages", the face of the grievance complaint form instructs inmates that "[a]dditional paper may be used, maximum two pages." Here Plaintiff used exactly two additional pages of paper. Thus the grievance could not have been rejected for exceeding page length.

because Defendants chose not to respond to those allegations during the grievance process.

The court concludes that Plaintiff's grievance was sufficient to put Defendants Snook and Warner on notice as contemplated by Spruill, and that Plaintiff has exhausted his claim with respect to Defendants Snook and Warner. Hence, Defendants' motion for summary judgment will be denied as to Defendants Nixdorf, Steigerwalt, Snook and Warner. The claim that Plaintiff was subjected to excessive force in retaliation for filing a prior lawsuit will proceed. However, the motion will be granted with respect to Defendant Kelchner as there is no notice *via* the grievance procedure that he was accused of any wrongdoing.

## II.     Motion for Preliminary Injunction

### A.     Standard of Review

In determining whether to grant a motion seeking preliminary injunctive relief, the court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm of the non-moving party if relief is granted; and (4) the public interest. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Indep. Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the

denial of a preliminary injunction." In re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. Because Plaintiff is seeking mandatory relief, his burden is particularly heavy. See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).

   B.   Discussion

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F. 3d 1421, 1426-27 (3d Cir. 1994). "Where a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief." Riley v. Snyder, 72 F. Supp. 2d 456, 459 (D. Del.1999). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E. D. Pa. 1993).

Plaintiff, who is presently incarcerated at the State Correctional Institution at Graterford, indicates that he is expecting to attend court in the future on this matter and anticipates being transferred to SCI-Camp Hill. (Doc. 39 at 2.) He states being housed at SCI-Camp Hill, where he was allegedly subjected to excessive use of force, would jeopardize his safety and the safety of his possessions. (Id.) It is evident that

plaintiff seeks to prevent a future transfer to SCI-Camp Hill for the purpose of attending court proceedings in this matter. Such a request for relief is premature as there are currently no court proceedings scheduled. Plaintiff's motion will therefore be denied.

## III.   Conclusion

Based on the foregoing, Defendants' motion for summary judgment (doc. 16) will be granted in part and Plaintiff's motion for injunctive relief (doc. 39) will be denied. An appropriate order will issue.

>   s/Sylvia H. Rambo
>   SYLVIA H. RAMBO
>   United States District Judge

Dated:  September 27, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK MCKINNEY,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-05-0205 |
| | : | |
| v. | : | JUDGE SYLVIA H. RAMBO |
| | : | |
| **SUPERINTENDENT KELCHNER,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

AND NOW, this 27th day of September 2007, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for summary judgment (Doc.16) is **GRANTED IN PART**.

2. Entry of judgment in favor of all Defendants on the claims of denial of adequate medical treatment and general retaliation claims, and on behalf of defendant Kelchner on the claim of excessive force in retaliation for the filing of a lawsuit is **DEFERRED** pending further order of the court.

3. Defendants Steigerwalt, Nixdorf, Snook and Warner shall **FILE** an answer within twenty days of the date of this order.  See Fed. R. Civ. P. 12(b)(1).

4. Plaintiff's motion for a preliminary injunction (Doc. 39) is **DENIED**.

5.   The pretrial schedule in this matter is as follows:

    a.  Discovery shall be completed on or before November 9, 2007.

    b.  Dispositive motions shall be filed on or before November 19, 2007.

    c.  Scheduling of a final pretrial conference and the trial date of this matter is deferred pending disposition of dispositive motions.

6.  Any motions or briefs filed after the expiration of the applicable deadlines without prior leave of court shall be stricken from the record.

7.  No extensions of the pretrial schedule shall be granted absent good cause. See Fed. R. Civ. P. 16(b).

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: September 27, 2007.