## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK MCKINNEY,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0205** |
| | : | |
| **v.** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **SUPERINTENDENT KELCHNER,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Derrick McKinney ("Plaintiff"), a Pennsylvania state inmate presently incarcerated at the State Correctional Institution at Graterford, initiated this action pursuant to 42 U.S.C. § 1983 alleging that on February 21, 2003, while being escorted from the State Correctional Institution at Camp Hill ("SCI-Camp Hill") Special Management Unit ("SMU") mini law library to his SMU cell, he was physically assaulted by Defendants Nixdorf, Snook and Warner in retaliation for the filing of the civil action of <u>Mckinney v. Guthrie</u>, No. 1:01-cv-2088.  (Doc. 1, at 2-3; Doc. 50, at 20-35.)  (Doc. 1.)  Presently pending is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (Doc. 47.)  Defendants noted in their brief in support of the summary judgment motion (Doc. 49, at 3, n.3) that a suggestion of death (Doc. 46) was filed with respect to Defendant Nixdorf on November 13, 2007, and served upon Plaintiff at his present address.  (Doc. 46.)  Pursuant to Fed. R. Civ

P. 25(a), Plaintiff was to have moved for substitution not later than 90 days after the death is suggested on the record.  "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."  Fed. R. Civ. P. 25(a).  The ninety day period has elapsed and Plaintiff has not moved for substitution.  Accordingly, the action will be dismissed as to Defendant Nixdorf.  The motion for summary judgment, as it pertains to Defendants Steigerwalt, Snook and Warner will be granted in part and denied in part.

Also pending is Plaintiff's motion to compel discovery (Doc. 54), which will be granted inasmuch as the remaining Defendants will be directed to respond to Plaintiff's discovery requests.

I.    **Motion for Summary Judgment**

   A.    **Statement of Facts**

On November 2, 2001, Plaintiff initiated civil action Mckinney v. Guthrie, No. 1:01-cv-2088 ("McKinney I").  On November 29, 2001, prior to service of the complaint on the named Defendants, a memorandum and order was entered dismissing the complaint without prejudice pursuant to 28 U.S.C. § 1915.

(McKinney I, Doc. 9.)  McKinney filed a motion for reconsideration, which was denied on January 15, 2002.  (Id. at Docs. 11, 15.)  Thereafter, he filed an appeal in the United States Court of Appeals for the Third Circuit.  (Id. at Doc. 9.)  On June 26, 2003, the appellate court vacated the judgment and remanded the matter to this court for further proceedings.  (Id. at Doc. 39.)  On July 28, 2003, the United States Marshal's Service was directed  to serve the complaint on the named Defendants.  (Id. at Doc. 41.)  An entry of appearance was filed on behalf of defendant Guthrie, *inter alia*, on August 11, 2003.  (Id. at Doc. 42.)  Review of the record reveals that counsel for Defendant Guthrie executed the waiver of service of summons on August 11, 2003.  (Id. at Doc. 45.)  A motion to dismiss was filed on September 29, 2003.  (Id. at Doc. 52.)  The motion was considered as one for summary judgment and was denied.  (Id. at Doc. 74.)  The parties then engaged in discovery and additional motion practice.  All Defendants, with the exception of Defendant Guthrie, were dismissed from the action on March 20, 2007. (Id. at Doc. 139.)  The matter proceeded to trial and, on April 3, 2007, the jury rendered a verdict in favor of Guthrie and against McKinney.  (Id. at Doc. 149.)  The case is presently on appeal.

At all times relevant to the incident complained of in the matter *sub judice*, Plaintiff was housed in the SMU at the SCI-Camp Hill.  On February 21, 2003, Nixdorf and Defendants Snook and Warner were responsible for the routine escort of

Plaintiff from the SMU mini law library to his cell.  (Doc. 53-2, Declaration of John

R. Snook, ¶ 4.)  Defendant Steigerwalt, the Unit Manager, was not present and took

no part in the escort which, according to Snook, lasted only a few minutes.  (Id. at ¶

5.)  Further, "[w]ithout looking at the log, Unit Manager Steigerwalt would not have

known about the aforementioned routine escort."  (Id. at ¶ 14.)

   Defendants Snook  and Warner assert that there was no mention of the civil

action of <u>Mckinney v. Guthrie</u>, No. 1:01-cv-2088 during the escort.  (Id. at ¶ 7.)

Defendant Snook is "not familiar with an Officer Guthrie."  (Id. at ¶ 6.)  These

Defendants further assert that they "did not assault inmate McKinney or otherwise

have any unusual or inappropriate physical contact with inmate McKinney" and that

no physical injury was suffered during the escort.  (Id. at ¶¶ 8-11.)

   Plaintiff submits the affidavit of inmate Leon Harris, who was also incarcerated

in the SMU at the relevant time.  (Doc. 53-2, at 8-9.)  He indicates that his cell was

located directly across from the SMU library and that he witnessed Nixdorf and

Defendants Snook and Warner leaving the library with Plaintiff.  He states as follows:

> After the officers check [sic] inmate McKinney [sic] legal work
> they escorted him upstairs because his cell is (D2-16) . . . on the
> same block D-Pod in the SMU unite [sic].  I heard c/o Nixdorf
> ask Inmate McKinney do you (Mr. McKinney), still have that
> case on Guthrie.  I did not hear inmate McKinney reply but the
> next thing I heard was they (c/o's) was rolling on Dizzy Mack
> that is Inmate McKinney's alias, and then I heard a loud thumping

4

> noises, then me and all the other inmates on D-Pod started kicking our doors, and telling the officers to get off of him (Inmate McKinney).

(Id. at 9.)  Plaintiff states that he was "strucked [sic] in the back of the head and repeatedly being hit with closed fists in the head area and also in my arm and back and neck area."  (Doc. 59 at 2.)  As a result of the assault he "suffers to date from severe headaches; a damaged elbow; a bruised rib; severe back pain; lumps in my head; and I stayed in pain for over two months and to this very day is still in pain from such injuries."  (Id.)

According to the medical records, Plaintiff sought medical treatment on February 25, 2003.  He made no mention of a physical assault.  Rather, he complained of a lump on his left forearm and a hoarse voice.  (Doc. 50, at 47.)  He was prescribed Advil and was advised to rest his voice and gargle with salt water as needed.  (Id. at 48.)  It appears that he was transferred to the State Correctional Institution at Greene the following month.  (Id. at 52.)  There are no medical records submitted from that facility.

There are no entries in Plaintiff's Cumulative Adjustment Record that indicate that he was physically assaulted.  (Doc. 50, at 46.)

**B.**     **Standard of Review**

5

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Id. Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the non-moving party. El v. S.E. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250 (internal citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Fed. R. Civ. P. 56(e). Rather, the adverse party must show by affidavits, pleadings, depositions, answers to

6

interrogatories, and admissions on file that there is a genuine issue for trial.  Id.

When addressing a summary judgment motion, the court's inquiry focuses on

"whether *the evidence* presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

Anderson, 477 U.S. at 251-52 (emphasis added).

## C.    **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.

The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder,

95 F.3d 1199, 1204 (3d Cir. 1996).

A plaintiff, in order to state an actionable civil rights claim, must plead two

essential elements: (1) that the conduct complained of was committed by a person

acting under color of law, and (2) that said conduct deprived the plaintiff of a right,

7

privilege, or immunity secured by the Constitution or laws of the United States.

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Civil rights claims cannot be premised on a theory of *respondeat superior*.  Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

It is clear that Plaintiff seeks to impose liability on Defendant Steigerwalt, the Unit Manager, solely in his capacity as a supervisor.  Based upon an application of the above standards, Plaintiff's claim against Defendant Steigerwalt is constitutionally insufficient and he is entitled to an entry of summary judgment.[1]

## 1.   **First Amendment Retaliation**

The First Amendment offers protection for a wide variety of expressive activities.  See U.S. Const. amend I.  These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in

---

[1]Plaintiff fares no better under the scenario that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so" as it is clear that Steigerwalt was not present during the alleged assault.  Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).

assessing the constitutionality of official conduct.  See Turner v. Safley, 482 U.S. 78, 89 (1987).

Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment.  See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).  To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

Plaintiff argues that he was physically assaulted in retaliation for the filing of a lawsuit.  That Plaintiff engaged in constitutionally protected conduct when he filed and pursued McKinney I is undisputed.  The filing of a lawsuit is protected conduct that clearly falls within the ambit of the First Amendment.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Allah, 229 F.3d at 224 (noting that it is well settled that "prisoners have a constitutional right to access to the courts").  The First Amendment is implicated in cases in which prisoners allege that they have suffered adverse actions in retaliation for filing lawsuits.  Peterkin v. Jeffes, 855 F.2d 1021, 1036 (3d Cir. 1988); Cook v. Boyd, 881 F. Supp. 171, 176, n.4 (E.D. Pa. 1995).

Plaintiff then must establish whether the actions purportedly taken in

9

retaliation for this conduct are sufficiently "adverse" to constitute constitutionally cognizable infringements.  Official actions are considered "adverse" if they would  be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights."  <u>Allah</u>, 229 F.3d at 225.  He alleges that he was physically assaulted for pursuing litigation against one of the Defendants' fellow officers. Allegations of physical assault in retaliation for filing a lawsuit generally satisfy this standard.  <u>See</u> <u>Smith v. Mensinger</u>, 293 F.3d 641, 653 (3d Cir. 2002); <u>Milhouse v. Carlson</u>, 652 F.2d 371 (3d Cir. 1981).

The third threshold test requires the prisoner to show "a causal link between the exercise of his constitutional rights and the adverse action taken against him." <u>Rauser</u>, 241 F.3d at 333.  To demonstrate this link, the prisoner must prove that his constitutionally protected conduct was "a substantial or motivating factor."  <u>Id.</u> (citing <u>Mount Healthy Bd. of Ed. v. Doyle</u>, 429 U.S. 274, 287 (1977)).

The court concludes that the affidavit of inmate Harris, wherein he witnessed the officers checking McKinney's legal work and then heard them inquire as to whether he still had a case pending against Guthrie, coupled with Plaintiff's affidavit that he was "strucked [sic] in the back of the head and repeatedly being hit with closed fists in the head area and also in my arm and back and neck area" is sufficient to establish "a causal link between the exercise of his constitutional rights and the

10

adverse action taken against him."  Consequently, Defendants' motion for summary

judgment will be denied as to the retaliation claim.  The matter will proceed to trial on

this claim.

###   2.   <u>Eighth Amendment Excessive Use of Force</u>

The Eighth Amendment serves as the primary source of protection when an

inmate challenges a prison official's use of force as excessive and unjustified.

<u>Brooks v. Kyler</u>, 204 F.3d 102, 106 (3d Cir. 2000); <u>see</u> <u>Whitley v. Albers</u>, 475 U.S.

312, 327 (1986).  In particular, the Eighth Amendment protects inmates from the

"wanton and unnecessary infliction of pain."  <u>Fuentes v. Wagner</u>, 206 F.3d 335, 344

(3d Cir. 2000) (quoting <u>Whitley</u>, 475 U.S. at 319 (citations and internal quotations

omitted)).  Generally, conduct that reaches the level of cruel and unusual punishment

is "repugnant to the conscience of mankind" and "inconsistent with contemporary

standards of decency."  <u>Whitley</u>, 475 U.S. at 327 (quoting <u>Estelle v. Gamble</u>, 429

U.S. 97, 103, 106 (1976)).  Significantly, "not every governmental action affecting

the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny."

<u>Fuentes</u>, 206 F.3d at 344 (citing <u>Whitley</u>, 475 U.S. at 319); <u>see also</u> <u>Hudson v.</u>

<u>McMillian</u>, 503 U.S. 1, 9-10 (1992) ("That is not to say that every malevolent touch

by a prison guard gives rise to a federal cause of action."); <u>Johnson v. Glick</u>, 481 F.2d

1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem

11

unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The degree of injury, if any, although not necessarily dispositive, is a relevant factor in the determination of the excessiveness of the force used. See Brooks, 204 F.3d at 106.

The "pivotal inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith,, 293 F.3d at 649 (3d Cir. 2002); see Brooks, 204 F.3d at 106 (quoting Hudson, 503 U.S. at 7). The following factors guide this inquiry: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 321.

While Defendants concede that they escorted Plaintiff from the SMU mini law library on February 21, 2003, they vehemently deny that an assault or physical altercation of any type occurred. In support of his claim, Plaintiff submits the affidavit of inmate Harris in which he states that he heard Plaintiff being assaulted by Defendants immediately after he was escorted from the law library. McKinney also submits his own affidavit stating that he was "strucked [sic] in the back of the head and repeatedly being hit with closed fists in the head area and also in my arm and

back and neck area" and that as a result of the assault he "suffers to date from severe headaches; a damaged elbow; a bruised rib; severe back pain; lumps in my head; and I stayed in pain for over two months and to this very day is still in pain from such injuries." These varying accounts of what transpired create a genuine issue of material fact as to whether Plaintiff was subjected to excessive force on February 21, 2003. Accordingly, Defendants' motion for summary judgment will be denied and the matter will proceed to trial on this claim.

### D. Conclusion

Defendants' motion for summary judgment (Doc. 47) will be granted as to Defendant Steigerwalt. The motion for summary judgment (Doc. 47) will be denied with respect to Defendants Snook and Warner and the matter will proceed to trial.

## II. Plaintiff's Motion to Compel Discovery

Plaintiff moves to compel (Doc. 54) answers to his interrogatories and document production requests (Doc. 56-2). He further seeks to have all objections waived as untimely.

Defendants oppose the motion arguing that "due to McKinney's delay in making his discovery request, it was not possible to comply with the Order requiring all discovery be completed by November 9, 2007." (Doc. 58, at 3-4.) They rely on

Rules 33(b) and 34(b) of the Fed. R. Civ. P., which provide that a party is afforded thirty days to respond to any discovery request.

Although this argument has merit, there is no indication that Defendants would be prejudiced by responding to the discovery requests.  Rather, they take the alternative position that "[i]n the event the Court excuses McKinney's failure to follow the Pretrial Scheduling Order, Defendants respectfully request an opportunity to object to the request as much of what is requested is irrelevant, too broad in scope, and unduly burdensome.  Other information requested is privileged or presents legitimate security concerns."  (Doc. 58, at 5, n.2.)  Based on the lack of prejudice, and considering Defendants' alternative position, the motion to compel will be granted inasmuch as the discovery period will be reopened for the sole purpose of allowing Defendants to respond to Plaintiff's interrogatories and document production requests (Doc. 56-2.)

### III.   <u>Conclusion</u>

The action against Defendant Nixdorf will be dismissed pursuant to Fed. R. Civ. P. 25(a).  Defendants' motion for summary judgment (Doc. 47) will be granted as to Defendant Steigerwalt.  The motion for summary judgment (Doc. 47) will be denied with respect to Defendants Snook and Warner and the matter will proceed to

14

trial.  Plaintiff's motion to compel discovery (Doc. 54) will be granted inasmuch as

Defendants Snook and Warner will directed to respond to Plaintiff's discovery

requests.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  February 28, 2008.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK MCKINNEY,            :
                                    :
            **Plaintiff**     :    **CIVIL NO. 1:CV-05-0205**
                                    :
   **v.**                          :    **JUDGE SYLVIA H. RAMBO**
                                    :
SUPERINTENDENT KELCHNER, :
*et al.,*                         :
                                    :
            **Defendants**   :

## O R D E R

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The action against Defendant Nixdorf is **DISMISSED** pursuant to Fed. R. Civ. P. 25(a).

2. Defendants' motion for summary judgment (Doc.47) is **GRANTED** with respect to Defendant Steigerwalt.

3. Entry of judgment on his behalf is **DEFERRED** pending further order of court.

4. Defendants' motion for summary judgment (Doc. 47) is **DENIED** with respect to Defendants Snook  and Warner.

5. The matter shall proceed to trial at the convenience of the court.

6.  Plaintiff's motion to compel (Doc. 54) is **GRANTED** inasmuch as

Defendants Snook and Warner are afforded thirty days from the date of this order to

respond to Plaintiff's Interrogatories and Request for Production of documents.

7.  No extensions of the thirty-day time period shall be granted absent good

cause.  *See* Fed. R. Civ. P. 16(b).

8.  No additional discovery will be permitted.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  February 28, 2008.