IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK MCKINNEY,** | **CIVIL NO. 1:CV-05-0205** |
| **Plaintiff** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **KELCHNER,** *et. al.*, | |
| **Defendants.** | |

## M E M O R A N D U M and O R D E R

      The background of this order is as follows. This is a civil rights action initially filed *pro se*[1] by Plaintiff, a state prisoner currently incarcerated at SCI-Graterford. In this action, Plaintiff alleges that he was assaulted by prison guards at SCI-Camp Hill on February 21, 2003 as he was escorted from the prison library to his cell in retaliation for filing a lawsuit against another prison guard. On February 28, 2008, the court granted Plaintiff's motion to compel Defendants to respond to Plaintiff's request for interrogatories. (Doc. 61.) On April 23, 2008, Plaintiff filed a document which the court construes as a motion to compel discovery, objecting to Defendants' response to his request for interrogatories. (Doc. 74.) On May 13, 2008, Defendants filed brief in opposition to that motion. (Doc. 76.) Accordingly, the issue is ripe for disposition.

      The court has reviewed the parties' briefs as well as Plaintiff's interrogatories and Defendants' response. Plaintiff received responses to his interrogatories numbered 2 and 5, so these require no further discussion. Additionally, Defendants' objections to Plaintiff's interrogatories numbered 3, 8, 10,

---

[1] On May 7, 2008, *pro bono* counsel entered an appearance on behalf of Plaintiff.

and 12[2] will be sustained because the court is satisfied that Plaintiff has access to some of this information already, and that the remaining information requests—such as the procedure for opening Plaintiff's cell door (Interrogatory 10)—pose unreasonable security risks and are irrelevant to Plaintiff's claims in this suit.

Defendants' remaining objections to Plaintiff's interrogatories will now be addressed in turn:

1. Plaintiff requests all security investigative reports involving Plaintiff by the Security Team at SCI-Camp Hill including witness statements from April 29, 1996 until July 20, 2005. The court agrees that this request is overbroad. However, Defendants shall provide to Plaintiff, through his counsel, any witness statements relating to the February 21, 2003 incident only.

4. Plaintiff requests copies of all of his inmate request to staff slips filed from April 29, 1996 until July 20, 2005. The court agrees with Defendants that this request is overbroad. However, Defendants shall make available for review by Plaintiff, through his counsel, copies of any requests from January 1, 2000 until February 21, 2003, the date of the incident at issue in this case.

6. Plaintiff requests copies of all misconduct and incident reports dating from April 29, 1996 until July 20, 2005. The court agrees that this request is overbroad. Defendants shall make available for review by Plaintiff, through his counsel, copies of any misconduct and incident reports relating to Plaintiff from January 1, 2000 until February 21, 2003, the date of the incident at issue in this case.

7. Plaintiff requests all video recordings of himself from April 29, 1996 until July 20, 2005. The court agrees that this request is overbroad. However,

---

[2]Plaintiff's interrogatories are numbered sequentially until number 10, after which the numbering restarts with 1. The court assumes that this is a typographical error, and for the purpose of this opinion will refer to interrogatory 11 and 12 rather than 1 and 2.

2

Defendants shall make available for review by Plaintiff and his counsel any video recording of the escort of Plaintiff on February 21, 2003.

9. Defendants shall make available for review by Plaintiff, through his counsel, Policy 201 regarding use of force and any other policy relating to refusal of medical treatment.

11. Plaintiff requests all names of medical staff that treated Plaintiff for injuries sustained on a number of dates, including February 12, 2003, as well as any documentation relating to those injuries. The court agrees that information relating to other injuries is irrelevant to this case. However, Defendants shall provide the names of medical staff that treated Plaintiff for injuries relating to the incident on February 12, 2003. Additionally, Defendants shall make available for review by Plaintiff, through his counsel, any documentation relating to that injury.

This case is currently scheduled to go to trial in July 2008. In light of this order, and the fact that Plaintiff now has counsel, the court will grant Plaintiff additional time to complete discovery and file motions *in limine*. Additionally, this case will be moved to the October 2008 trial list.

**IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's motion to compel discovery (Doc. 74) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(a) The motion is **GRANTED** insofar as Defendants shall provide the following information to Plaintiff through his counsel for review:

(i) Any witness statement relating to the February 21, 2003 incident;

(ii) Any inmate request to staff form by Plaintiff from January 1, 2000 until February 21, 2003;

        (iii)  Any misconduct and incident reports relating to Plaintiff from January 1, 2000 until February 21, 2003;

        (iv)  Any video recording of the escort of Plaintiff on February 21, 2003;

        (v)  Policy 201 regarding use of force and any other policy relating to refusal of medical treatment; and

        (vi)  The names of medical staff that treated Plaintiff for injuries relating to the incident on February 12, 2003, and any documentation relating to that injury.

    (b) In all other respects, the motion is **DENIED**.

(2)  Plaintiff is granted to **July 18, 2008** to complete discovery.

(3) The deadline for filing motions *in limine* and supporting briefs is **August 11, 2008.**

(4) Responses to motions *in limine* shall be filed no later than **August 21, 2008.**

(5) Replies to motions *in limine* shall be filed no later than **August 28, 2008.**

(6)  If Plaintiff anticipates calling any prisoner witnesses, no later than **September 2, 2008**, he shall file *in camera* with the court a request for writs for those witnesses.  The request shall state the name, prisoner number, address and substance of the testimony of each witness Plaintiff intends to call.

(7) The deadline for filing pretrial memoranda, proposed *voir dire*, and proposed jury instructions is **noon on September 11, 2008.**

(8) The pretrial conference with counsel only will be held on Thursday, **September 18, 2008 at 9:00 a.m.** in the chambers of Courtroom No. 3.

      (9)  This case is removed from the July 2008 trial list and is added to the October 2008 trial list.  Jury selection for cases on the October trial list will commence at **9:30 a.m. on Monday, October 6, 2008** in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  If counsel who intends to try the case has a conflict, the court must be notified immediately.

      (10)  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to such Clerk's Office before 5:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated:  May 15, 2008.