# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DERRICK MCKINNEY,** : **CIVIL NO. 1:CV-05-0205**
  **Plaintiff** :
 :
 **v.** : **(Judge Rambo)**
 :
**SUPERINTENDENT KELCHNER,** :
*et al.*, :
 :
  **Defendants** :

## MEMORANDUM AND ORDER

Before the court is Plaintiff's motion *in limine* to preclude the following from being admitted into evidence at the trial in the captioned case:

   A.  the results of the *McKinney v. Guthrie* trial;
   B.  the criminal charges arising from the incident underlying *McKinney v. Guthrie* and the results of the criminal charges;
   C.  charges made and facts alleged in Misconduct Reports filed against Plaintiff by Correction Officers Nixdorf and Snook and the results of the Misconduct Reports;
   D.  any other Misconduct Reports and the results of any misconduct proceedings involving Plaintiff;
   E.  any crimes for which Plaintiff was convicted prior to the crimes for which he is presently incarcerated;
   F.  crimes committed by inmate witnesses or former inmate witnesses called by Plaintiff and the convictions or guilty pleas of said witnesses; and
   G.  conviction of Plaintiff of the crimes for which he is currently in prison and the nature of the crimes.

(Plaintiff's Motion *in Limine* at p. 11.)

On February 21, 2003, Plaintiff alleges he was assaulted by Corrections Officers Nixdorf, Snook, and Warner. Nixdorf is no longer a party to this action. Plaintiff pursued administrative remedies prior to the filing of the instant action on January 31, 2005. The instant action is premised on the claim that Plaintiff was assaulted by Defendants in retaliation for filing a law suit against Corrections Officer

Guthrie, from another correctional institution.  That case was captioned *McKinney v. Guthrie*, No. 1:CV-01-2088 (M.D. Pa.).  A verdict in that case was rendered on April 3, 2007.

Upon consideration of Plaintiff's motion *in limine*, **IT IS HEREBY ORDERED THAT** rulings on the motion are as follows:

1) Results of the case *McKinney v. Guthrie*, No. 1:CV-01-2088 (M.D. Pa.) are precluded.

2) The criminal charge and conviction arising out of the *McKinney v. Guthrie* case are precluded.  This conviction occurred on October 26, 2001 and is too far removed from the incident of February 21, 2003.  It is not relevant and does not show motive or intent.

3) The October 22, 2002 misconduct reports and their contents are admissible.  Plaintiff can argue that these reports were a motive for the alleged assault upon him.

4) Other misconduct reports are precluded unless they are within a year of the February 21, 2003 alleged assault and involved Snook and Warner.

5) Defendant are, however, permitted to place on the record that Plaintiff has a history of 57 misconducts to show motive.  The contents of those misconducts are not admissible.

6) Prior and current crimes of Plaintiff and his witnesses are precluded.  Defendants are permitted to elicit from them that they are in prison for the commission of a felony.  Anything further is prejudicial and outweighs probative value.

                                                  s/Sylvia H. Rambo
                                                  Sylvia H. Rambo
                                                  United States District Judge

Dated: September 2, 2008.